[Crim. No. 891.   Fourth Dist.   July 14, 1955.]

THE PEOPLE, Respondent, v. ARTHUR HANN, Appellant.

Arthur Hann, in pro. per., Tom Okawara, under appointment by the District Court of Appeal, and Howard Renge for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant filed his notice of appeal on December 21, 1954, in propria persona, after personally pleading guilty to a charge of grand theft of a house trailer, admitting a prior conviction of a felony (burglary), and that he served time therefor in a state penal institution in Illinois.  He was then represented by counsel of his own

choosing. After being denied probation he was duly arraigned for judgment which was entered on December 6, 1954, and he was sentenced to state's prison.

At defendant's request, other counsel were appointed by this court to represent him on appeal. The reporter's transcript shows the proceedings had in the superior court to be regular, and defendant's rights were fully protected by his counsel who appeared for him. As we understand it, defendant now claims, in a letter written to the trial judge on December 23, 1954, not made a part of the record on this appeal, that his former counsel visited him in jail and defendant told him he was not guilty of the charge, but his attorney stated he had talked to the district attorney and that upon entry of a plea of guilty defendant would receive probation or a short local jail sentence; and that it was further claimed the probation officer "guaranteed" defendant he would recommend probation, otherwise the defendant would have entered a plea of not guilty. Apparently defendant set this matter up in some form of proceeding in the superior court in the nature of a petition for writ of certiorari, *coram nobis,* or as a motion to set aside the judgment for the purpose of withdrawing the plea after judgment had been pronounced and after defendant's notice of appeal had been filed. At any rate, after the matter was heard upon conflicting evidence, the motion or writ was denied by that court and no appeal was taken from the order. It is defendant's claim that under the holding in *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657], he should now be allowed to raise the same question on appeal from the judgment, and be permitted to enter a plea of not guilty.

The record does not indicate that defendant made a motion for a new trial in the instant action and accordingly his attempted appeal therefrom must be dismissed. If the proceedings in the superior court amounted to a motion to set aside the information and enter a plea of not guilty it came too late to be reviewed on an appeal from the judgment since it was made after judgment and after the notice of appeal from the judgment had been filed. It being an appealable order made after judgment and after notice of appeal from the judgment, this court has no jurisdiction to review it on an appeal from the judgment. (3 Cal.Jur.2d 688, § 199.)

Defendant's appeal is based on a matter admittedly not a part of the record on appeal from the judgment. Ac-

cordingly, since no error affirmatively appears, the judgment must be affirmed. The attempted appeal from the purported order denying a new trial is dismissed.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.